Good morning. May it please the court. The District Court in this matter as in the case of Academy of Country Music committed the same two distinct errors. One, the District Court required that the defendant provide in his notice of removal proof of subject matter jurisdiction. The second error the District Court made here as in Country Music was it required, or excuse me, it precluded the defendants from submitting proof of subject matter jurisdiction as to the alleged deficiency. In addressing these two errors in Academy of Country Music, this court held that the District Court's transmittal of the remand order did not divest this court of jurisdiction to determine whether or not the District Court's decision was colorable. And just a simple review of the facts in this case and comparing it to Country Music, I don't think you could find two cases that are as similar, if not virtually identical. Well, counsel, the problem, the sticking point that I'm having in this case, and granted you didn't have the benefit of Academy of Country Music, but you didn't appeal the March remand order. You appealed the June order striking the second removal notice. And I'm just wondering how that is appealable. I have two answers to that. Even before Academy of Country Music, this court had held, in the cases Durham versus Lockheed, that successive removals were permissible. The District Court in the first order never made a determination that there was a lack of subject matter jurisdiction. All we had at that time was the four corners of the complaint, as the District Court noted, and the notice of removal. Based upon the four corners of the complaint, it was impossible to determine whether or not Mathis was a citizen of California. That's because you can say that the plaintiff was coy or sharp or sloppy, however you want to denominate it, but there was no way from the face of the complaint to determine her citizenship. It was certainly plausible to determine that she was a citizen of California in that the complaint appeared she was a resident in California and had been residing a long time. We knew she was working in California. So it was certainly plausible at that time to remove the case. We then received verified discovery responses, and this court has held long before Academy of Country Music, that successive removals were permissible upon ascertaining new facts. This was a new fact. She verified that she was a citizen of California. Secondly, Academy of Country Music, I believe, makes clear that the District Court's first order in this case never made a determination as to subject matter jurisdiction. This court has always had the ability to peel back, and the antecedent to the remand is whether or not the District Court's decision was tolerable, and here it was not. So if we look at the facts of the Academy of Country Music case and this case, as I mentioned, I believe they're virtually identical. Both cases removed on the basis of diversity. Both cases you have a District Court sui sponte. There was no opposition in this case or in Academy of Country Music contesting that Mathis was a citizen of the state of California. You then have the District Court, it's at the excerpt of record at 13. The District Court then makes an order. It doesn't say there's a lack of subject matter jurisdiction. The District Court simply says that the defendant, in its notice of removal, hasn't sufficed in proving that Mathis was a citizen of California. So this court held, based upon that in Academy of Country Music, that that was in error for the two reasons I outlined above. The mere fact is a shortcoming in the notice of removal doesn't mean there's a lack of subject matter jurisdiction. And more importantly, as in Academy of Country Music, the District Court should have given the defendants the opportunity to provide proof of citizenship. It could have issued an OSC, Reproof of Citizenship, and obviously Mathis wouldn't have contended anything other than the fact that she was a citizen of the state of California. So Mathis can't benefit from the coy pleading in her complaint by not stating what state she's a citizen of. So had the court issued an OSC, it would have been quite simple to determine that she was a citizen of California, because she would have said the same thing she did in the verified discovery responses. Or the court should have done, similar to what happened in the Academy of Country Music, in that case it was a little different. Instead of verified discovery responses, what was induced later was a stipulation of the parties to satisfy the amount of controversy. The same thing happened here with the verified discovery responses. So I see the cases as on all fours. Really, you can't find more identical cases in the fact pattern. I think your analysis in the Academy of Country Music governs this case, and the disposition should be quite easy. Counsel, I just have one procedural question, which has kind of been nagging at me. So the judge, the district judge said in response to the first removal petition, case closed, and retransmitted everything to the state court. I'm just curious, when the new facts emerged that you thought gave you more room to run on subject matter jurisdiction, you elected to file a notice in that same closed case, as opposed to just filing another removal generally in the central district. Was there some, why did you think that was the right thing to do? Well, it seemed to me to do anything else would be judge shopping. We already knew that the case had been assigned to this district judge. You know, even if you don't like a ruling as a litigant, you know, you can't play fast and loose with the system. And you'll take the latter option of what you presented and perhaps get a different judge. It just seemed to me, not even a close call, the only rational thing to do would be to file this, you know, with the same judge that heard it initially, you know, as a secondary point, you know, we didn't believe that we were foreclosed really at that time, because obviously we didn't have Academy of Country Music. So at that time we weren't relying upon the analysis of this court and country music. We simply thought that we had the ability based upon the doctrine of successive removals in coming upon new facts. But I don't see how the analysis would have been any different. Had we done it a different way and had a different judge, the analysis still should be the same. But I just think it would have been improper. Thank you, Counsel G. Why don't we hear from Mr. Nguyen? Good morning, Your Honors. May it please the Court. My name is Kevin Nguyen and I'm here on behalf of Plaintiff Annette Pelley, Julie Mez. As an initial matter, Your Honor, I think after reviewing the Academy of Country Music case, we can agree that this court has the jurisdiction to confirm whether the remand orders in this case were issued on a colorable 1447c ground. Our position, though, is that once the court begins its endeavor in taking up that task, both remand orders were issued according to a colorable 1447c ground. And this case is different from Academy in several ways. First, in the Academy case, the defendants there plausibly alleged that the amount in controversy exceeded $75,000. It clearly alleged that it referred to a settlement demand that was made by the plaintiff in that case. Counsel, I'm sorry. I don't want to derail you. I forgive me. I just don't. Before you get too deep into that, which I would like to hear more of, I just want to make sure I understood what you said a moment ago. Are you agreeing that the June order, the order to strike, is fully reviewable by us? To confirm whether it's a 1447c ground. We believe that it is a 1447c ground because we remanded the second time because it lacked jurisdiction. Going back to the first order here. Well, counsel, can I just say, I have a sneaking suspicion, and I don't mean to impugn motives of a district court judge in any way, but it seems to me, I was a district court judge a long time ago, and it seems to me that the way we used to handle this was we'd send out OSCs to find out whether there was actually, whether the plaintiff was the citizen or there was actually an amount in controversy. Because to just dismiss it when all you have is the complaint, you could be dismissing something that you actually have subject matter jurisdiction over. And that would be wrong, right? That's a good point, Your Honor. In the Academy case, this court stated that where there were plausible allegations that the $75,000 jurisdictional limit was met, that if the court wanted to contend with that plausible allegation, then it should hold a hearing or issue an OSC to give the plaintiff an opportunity to present evidence of that the jurisdictional limits were met. That being said, where there are no plausible allegations, then it is consistent with well established principles that the district court can remand sua sponte, and we don't think there are plausible allegations here because despite the notice of removal stating that plaintiff is a resident of California, they point to plaintiff's complaint at paragraph six, which only stated that plaintiff is a resident of California. And I think this can be analogized to your 12B6 cases where a complaint attaches an exhibit to the complaint, and that exhibit contradicts certain allegations in the complaint. So they might say this exhibit supports this allegation, but once the district court takes a look at that exhibit and see that it does not support that allegation, that allegation is no longer plausible. Here, defendant stated plaintiff is a citizen resident of California, and they cite to the complaint, but once the district court looked at the complaint, that's no longer a plausible allegation because all it showed was that plaintiff is a resident of California. So the court could remand the case sua sponte before issuing an OSC because there are no plausible allegations. Is there any dispute that the plaintiff in this case is a citizen of California? I think our position is that they've not met their burden of demonstrating that. Is that because the interrogatory only asks where she's lived for five years? Yes. In the second removal papers, what defendants cite to was an interrogatory response that asks, where have you resided for the past five years? And she said, yes, she did reside in California for the past five years, but that does not seem to... But you didn't answer my question. So is your opposing counsel correct that you're being coy about this? I don't think so, Your Honor. In the complaint, you know, in California, when you file a complaint in California, you're not  you just allege a residency and that's fine. And so I don't think we're being coy, Your Honor. And when we got their interrogatory responses, we provided responses to the interrogatories. We then objected and refused to give responses and delay the case. And at this point, I think it's a good time to make a clarification. Well, let me just jump in on the, you know, it looks to me in this June order, the district judge did the same thing he did the first time, which is he didn't file any opposition to that second notice of removal, right? You didn't, you didn't contest it, but he just jumped right in without any briefing from you and said, hey, this case is closed. I'm not going to take this. So I understand your view. You think the interrogatory is not enough, but the district judge never even reached that benefit of a district court saying one way or the other on that, isn't that right? Well, that goes back to my point. I think that because it is a successive removal, the district court could not have, could not have reached the issue. The first remand order was issued pursuant to a colorable 1447C ground. There was no subject matter jurisdiction in this case in the first remand. So when it got the second removal papers, pursuant to cases such as Seidman, it couldn't really reconsider its first remand order and thus it was not required to. But he wasn't being asked to reconsider it. It was a new petition based on new facts. Well, he was not expressly asked to reconsider it. But once these new removal papers were filed, it was him saying, well, you should, you know, your first order, because there is no subject matter jurisdiction in this case. So please take it. So it effectively is. Counsel, if I could interject a question, please. I tend to agree with Judge Donato that it wasn't the second or successive petition. It's not requesting reconsideration. It's seeking removal based on newly discovered evidence. And I mean, it's been more than a couple of decades since I practiced law and had to handle removals as an advocate, but I always thought that if a party discovered new facts that showed jurisdiction after a petition had been dismissed, that it could file a successive petition so long as it acted, you know, reasonably promptly. Well, to that point, Your Honor, whether these efforts were reasonably prompt, we look at those district court cases that say, could you have gained this information before? And to correct an error in both of Appellant and Appellee's briefs, we both stated that it was after the first remand when defendants sent out these interrogatories that sought information that purportedly related to plaintiff's citizenship. But when I was preparing for argument, Your Honors, I noticed that these were February 14th, 2020, two weeks before the case was removed. And the record set to that is ER 119. And that's the proof of service stating that the interrogatories were mailed out February 14th. Well, why does that matter to anything? Well, because as Judge Gold pointed out, you know, these facts have to be discovered in a reasonably prompt manner. They could have gained this information before, and it would have been more prudent for them to wait to confirm that plaintiff is a citizen and then remand. But they didn't. So, sorry, remove. But they didn't. So the removal was premature and they risked getting remanded and being precluded from removing it a second time. Well, the 30-day limit on removal petitions, they risk being barred forever more by missing that time period. Yeah. Isn't there a 30-day initial period to remove? Yes, there is a 30-day clock to remove. That was not triggered in this case because the complaint did not reveal on its face affirmatively that the case was removable. The complaint revealed that the plaintiff was a resident. It did not reveal to them that the plaintiff was a citizen. All right. Thank you, counsel. Mr. Fink, you had some time left. Thank you, Your Honor. I just did one or two points. What counsel is saying would put us in a precarious position. It's quite possible had we not removed within 30 days that we could have been looking at the opposite argument when we removed that we had noticed based on the face of the complaint and our 30-day clock was up. Secondly, it does seem to me to be plausible, a plausible allegation that she's a citizen that Mathis is a citizen of California. She's working in California. The complaint doesn't say she's a citizen of another state. It says she is residing in California. And the discovery responses we received, we received those verified responses after the March 17th order. And the discovery response is, yeah, we didn't ask, where are you domiciled? Because we probably would have gotten objection calls for a legal conclusion. The answer that she gave in the verified discovery response is consistent with domicile. She said that she had been living for a number of years in California. That goes to what the district judge was saying. In order to prove citizenship, you have to show where an individual is domiciled with an intent to reside. But I don't have anything further. I think that country music is on all fours, essentially, with this case. And as Judge Gould pointed out and I pointed out initially, prior to country music, it has been this the Ninth Circuit's position for decades that successive removals were allowed and successive removals were permitted when a party receives new information. And to me, this is new information. As opposing counsel stated, the complaint is bereft of an allegation of citizenship. Thank you, Your Honor. All right. Thank you, counsel. Mathis v. Brew is submitted.
judges: Wardlaw, Gould, Donato